UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WELLS FARGO HOME MORTGAGE,          :
                    Plaintiff,      :
                                    :
        v.                          :
                                    :
JOHN S. OVALLES, RUTH M.            :       CA 04-280 S
OVALLES, HOUSEHOLD MORTGAGE         :
SERVICES, UNITED STATES OF          :
AMERICA, and STATE OF RHODE         :
ISLAND DEPARTMENT OF                :
ADMINISTRATION - DIVISION OF        :
TAXATION,                           :
                    Defendants.     :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

        Before the court is Plaintiff's Request for Default Judgment
as to the Defendants' [sic] John S. Ovalles and Ruth M. Ovalles
Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure
(Document ("Doc.") #21) ("Request for Default Judgment" or
"Request").  The Request for Default Judgment has been referred
to me for preliminary review, findings, and recommended
disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local
R. 32(c).  A hearing was held on May 4, 2005.  For the reasons
stated below, I recommend that the Request for Default Judgment
be granted.

**I.  Facts[1] and Travel**

_____

        [1] Because default has entered against Defendants John S.Ovalles
and Ruth M. Ovalles (the "Ovalles"), see Clerk's Entry of Default
(Document ("Doc.") #14), the factual allegations of the Complaint are
taken as true, see Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st
Cir. 2002)("A defaulting party is taken to have conceded the truth of
the factual allegations in the complaint as establishing the grounds
for liability as to which damages will be calculated.")(internal
quotation marks and citation omitted); Brockton Sav. Bank v. Peat,
Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985)("[T]here is no
question that, default having been entered, each of [plaintiff's]

This in an action for interpleader.  <u>See</u> Amended Complaint
(Doc. #1) ¶¶ 7-14.  Plaintiff Wells Fargo Home Mortgage
("Plaintiff") is a lending institution with a usual place of
business in Charlotte, North Carolina.  <u>See</u> <u>id.</u> ¶ 1.  On or about
December 7, 2003, Plaintiff, as first mortgagee, sold by
foreclosure auction sale a certain parcel of real property
located at 17 Springdale Avenue, North Providence, Rhode Island
(the "Real Property").  <u>See</u> <u>id.</u> ¶ 7.  Defendants John S. Ovalles
and Ruth M. Ovalles (the "Ovalles"), residents of Rhode Island,
were the title-holders and mortgagors of the Real Property.  <u>See</u>
<u>id.</u> ¶¶ 2-3, 7.  The foreclosure auction sale was for breach of
condition pursuant to a power of sale contained in a first
mortgage on the Real Property dated January 9, 1999, and recorded
on January 11, 1999, in the Records of Land Evidence of the Town
of North Providence at Book 343, Page 143, as affected by an
assignment of mortgage recorded in Book 358, Page 303.  <u>See</u> <u>id.</u>
¶ 8.

The sale realized $272,500.00, and Plaintiff retained
$159,746.18 from the sale proceeds, representing:

|  |  |
|---|---|
| $141,991.69 | in outstanding principal due on the note |
| $5,788.59 | in interest |
| $335.00 | in title costs |
| $600.00 | in attorney's fees and costs |
| $8,547.50 | in sheriff costs |
| $60.00 | in inspection fees |
| $125.00 | in BPO (Broker Price Opinion) fees |
| <u>$2,298.40</u> | in publication costs |
| $159,746.18 | (amount retained by Plaintiff) |

Amended Complaint ¶ 8.  The remaining proceeds from the sale,
$112,753.82, <u>see</u> <u>id.</u> ¶ 9, have been deposited with the court, <u>see</u>

---

allegations of fact must be taken as true and each of its ... claims
must be considered established as a matter of law.").

Order Granting in Part Plaintiff's Motion for Leave to Make
Deposit in Court and for Award of Attorney's Fees (Doc. #9);
Further Order Re Plaintiff's Motion for Leave to Make Deposit in
Court (Doc. #10).

Plaintiff alleges that the Ovalles may have an interest in
the surplus funds by virtue of an ownership interest, whether
legal or equitable, in all or a portion of the Real Property as
evidenced by a warranty deed, dated May 17, 1988, and recorded in
the Records of Land Evidence of the Town of North Providence in
Book 179, Page 106.  See Amended Complaint ¶¶ 10-11.
Additionally, Plaintiff avers that the other three Defendants in
the action, Household Mortgage Services ("Household"), the United
States of America (the "United States"), and the State of Rhode
Island Department of Administration – Division of Taxation
("State") may each have an interest in the surplus funds.  See
id. ¶¶ 12-14.  Household, as assignee of Providian National
Bank, may have such an interest by virtue of a mortgage dated
April 2, 1999, and recorded in the Records of Land Evidence of
the Town of North Providence in Book 359, Page 296.  See id. ¶
12.  The United States, via the IRS, may have such an interest by
virtue of a federal tax lien, dated February 13, 2003, and
recorded in the Records of Land Evidence in the Town of North
Providence in Book 792, Page 166.  See id. ¶ 13.  Lastly, the
State may have such an interest by virtue of a tax lien, dated
January 8, 2002, and recorded in the Records of Land Evidence in
the Town of North Providence in Book 608, Page 165.  See id. ¶
14.

Welles Fargo commenced this action or about March 23, 2004,
by filing a complaint in the Providence County Superior Court.
See Request at 1.  The United States removed the action to this
court on or about July 9, 2004.  See Docket.

By its Amended Complaint for interpleader, Plaintiff seeks

3

1) to have Defendants restrained from instituting any action against Plaintiff for recovery of the surplus proceeds or any part thereof; 2) to be permitted to pay into the Court the surplus proceeds;[2] 3) to be discharged from all liabilities except to the party (or parties) who the court shall determine is entitled to the surplus proceeds; and 4) such other relief as the court deems just and proper. See Amended Complaint at 4.

The Ovalles failed to answer or otherwise defend as required by Rule 12(a)(1) of the Federal Rules of Civil Procedure. See Docket. On November 24, 2004, Plaintiff moved for entry of default against the Ovalles, see Plaintiff's Request for Entry of Default (Doc. #13), and the clerk entered default against them that same date, see Clerk's Entry of Default (Doc. #14).

By the instant Request for Default Judgment, Plaintiff seeks entry of default judgment against the Ovalles, "effectively waiving any rights and/or claims that the [Ovalles] may have to surplus proceeds from [the] foreclosure sale as outlined in the [Amended] Complaint ...." Request at 1. In support of the Request, Plaintiff states, inter alia, 1) that the Ovalles, by failing to file a timely answer or otherwise defend, have not claimed an interest in the surplus proceeds; see Request at 2; 2) that the Ovalles are not infants or incompetent persons, see id.; and 3) that they are not in the military of the United States or its allies as defined in the Soldiers and Sailors Relief Act of

---

[2] As previously noted, Plaintiff has already been granted permission to pay the surplus funds into the court. See Order Granting in Part Plaintiff's Motion for Leave to Make Deposit in Court and for Award of Attorney's Fees (Doc. #9); Further Order Re Plaintiff's Motion for Leave to Make Deposit in Court (Doc. #10). The funds were deposited with the court on or about November 8, 2004. See Plaintiff's Request for Default Judgment as to the Defendants John S. Ovalles and Ruth M. Ovalles Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (Doc. #21) ("Request for Default Judgment" or "Request") at 2.

4

1940 as amended, see id. at 3.

The instant Request for Default Judgment was filed on April 18, 2005. See Request. A hearing on the Request was held on May 4, 2005. Thereafter, the court began writing this Report and Recommendation. However, the court subsequently noticed that service upon the Ovalles had been made by posting copies of the Summons and Complaint at 173 Whitmarsh Street, Providence, Rhode Island. See Plaintiff's Request for Entry of Default (Doc. #13), Attachment ("Att.") 1 (Summons addressed to Ruth M. Ovalles showing service on 4/9/04), Att. 2 (Summons addressed to John S. Ovalles showing service on 4/9/04). As there was nothing in the record which indicated that service in this manner was authorized, the court directed Plaintiff to submit by May 24, 2005, either proof that permission to serve the Ovalles by posting was granted by the Providence County Superior Court or a memorandum explaining how service by posting satisfies the requirements of either Fed. R. Civ. P. 4 or R.I. Super. Ct. R. Civ. P. 4. See Order for Proof or for Further Briefing (Doc. #23) ("Order of 5/10/05").

On or about May 24, 2005, counsel for Plaintiff, Attorney Joseph G. Butler ("Mr. Butler"), faxed a copy of Defendants, John S. Ovalles and Ruth M. Ovalles, Affidavit of Waiver of Service to the Clerk's Office for filing. See Letter from Butler to Clerk of 5/24/05 (cover letter accompanying the affidavit). Because the affidavit was not an original document, the Clerk's Office did not accept it and returned it to Mr. Butler's office.

On June 2, 2005, Mr. Butler sent a letter to this Magistrate Judge, explaining that his office had attempted to file the copy of the affidavit in order to comply with the Order of 5/10/05 which required a response by May 24. See Letter from Butler to Martin, M.J., of 6/2/05. The original of the Affidavit was filed on June 13, 2005. See Defendants, John S. Ovalles and Ruth M.

Ovalles, Affidavit of Waiver of Service (Doc. #24) ("Ovalles
Aff."). Thereafter, the court took the matter under advisement.

**II. Jurisdiction**

As an initial matter, when judgment is sought against a
party who has failed to plead or otherwise defend, a district
court has an affirmative duty to assure itself that it has
jurisdiction over both the subject matter and the parties. See
Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d
322, 324 (5th Cir. 2001); In re Tuli, 172 F.3d 707, 712 (9th Cir.
1999); Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,
115 F.3d 767, 772 (10th Cir. 1997); Williams v. Life Sav. & Loan,
802 F.2d 1200, 1203 (10th Cir. 1986); see also Daynard v. Ness,
Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st
Cir. 2002)("To hear a case, a court must have personal
jurisdiction over the parties, 'that is, the power to require the
parties to obey its decision.'")(quoting United States v. Swiss
Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999)); Letelier v.
Republic of Chile, 488 F. Supp. 665, 668 (D.D.C. 1980)(holding
that issue of subject matter jurisdiction should be fully
explored despite previous entry of default); cf. Hugel v. McNell,
886 F.2d 1, 3 n.3 (1st Cir. 1989)("[W]here the court rendering
the default judgment is shown to lack personal jurisdiction over
the defendant, ... the judgment may be vacated and set aside by
the rendering court on motion, or by another court on collateral
attack.")(quoting 6 Moore's Federal Practice para. 55.09)(second
alteration in original). Accordingly, this court examines both
subject matter and personal jurisdiction.

**A. Subject Matter Jurisdiction**

This action was removed from the Providence County Superior
Court by the United States. See Notice of Removal (Doc. #2).
The Notice of Removal states that removal is authorized by 28

6

U.S.C. § 1441(a),[3] 28 U.S.C. § 1442(a)(1),[4] and 28 U.S.C. § 1446.[5]
<u>See</u> Notice of Removal at 2.  I find that removal was proper
pursuant to § 1441(a) because the court has original jurisdiction
by virtue of the federal interpleader statute, 28 U.S.C. § 1335.
<u>See</u> <u>State St. Bank & Trust Co. v. Denman Tire Corp.</u>, 240 F.3d 83,
89 n.4 (1st Cir. 2001)(stating that 28 U.S.C. § 1335 provides
jurisdiction to federal courts over interpleader actions having
"[t]wo or more adverse claimants, of diverse citizenship"); <u>see</u>
<u>also</u> Amended Complaint ¶¶ 1-6 (alleging that the Ovalles' usual
residence is North Providence, Rhode Island, that Household's
usual place of business is Brandon, Florida, that the IRS's usual

---

[3] 28 U.S.C. § 1441(a) provides in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress,
**any civil action** brought in a State court of which the
district courts **of the United States have original
jurisdiction,** may be removed by the defendant or the
defendants, to the district court of the United States for the
district and division embracing the place where such action is
pending.

28 U.S.C.A. § 1441(a) (1994)(2005 Supp.) (bold added).

[4] 28 U.S.C. § 1442(a) provides in pertinent part:

(a) **A civil action** or criminal prosecution **commenced in a
State court against any of the following may be removed by
them to the district court of the United States** for the
district and division embracing the place wherein it is
pending:

(1) **The United States or any agency thereof** or any officer (or
any person acting under that officer) of the United States or
of any agency thereof, sued in an official or individual
capacity for any act under color of such office or on account
of any right, title or authority claimed under any Act of
Congress for the apprehension or punishment of criminals or
the collection of the revenue.

28 U.S.C. § 1442(a) (1994)(2005 Supp.) (bold added).

[5] 28 U.S.C. § 1446 prescribes the procedure for removal.  <u>See</u> 28
U.S.C.A. § 1446 (1994)(2005 Supp.).

place of business is Washington, D.C., and that the Rhode Island
Division of Taxation's usual place of business is Providence,
Rhode Island).  I also find that removal was proper pursuant to §
1442(a)(1) because the action was commenced against the United
States.  <u>See</u> Amended Complaint ¶ 5.  Accordingly, I find that
subject matter jurisdiction exists.

### B.  Personal Jurisdiction

The Ovalles reside in the District of Rhode Island.  <u>See</u>
Amended Complaint ¶ 11.[6]  They were served with a copy of the
summons and complaint on April 9, 2004, by posting on the
dwelling at 173 Whitmarsh Street, Providence, Rhode Island, on
August 30, 2004.  <u>See</u> Plaintiff's Request for Entry of Default
(Doc. #13), Att. 1 (Summons addressed to Ruth M. Ovalles showing
service on 4/9/04), Att. 2 (Summons addressed to John S. Ovalles
showing service on 4/9/04); <u>see also</u> Fed. R. Civ. P. 4(e).  They
have executed an affidavit for filing in this action which
attests that they received copies of the Summons and Complaint
sometime in 2004, <u>see</u> Ovalles Aff. ¶ 1, that after consulting
their attorney regarding these documents they did not answer or
otherwise defend this action, <u>see</u> <u>id.</u> ¶ 2, and that "[i]n an
effort to cure any technically deficient service ... [they] waive
service in [this] matter so as to facilitate the resolution of
the surplus proceeds," <u>id.</u> ¶ 4.  Based on the foregoing, I find
that the court has personal jurisdiction over them.

### III.  Judgment

As previously noted, for purposes of the instant motion, the
default has established the truth of Plaintiff's allegations.
<u>See</u> n.1.  The court, having both subject matter jurisdiction and
personal jurisdiction over the Ovalles and the allegations of the
Amended Complaint having been established, concludes that

---

[6] <u>See</u> n.1

8

Plaintiff's Request for Default Judgment should be granted.  I so recommend.

## IV.  Conclusion

For the reasons stated above, I recommend that the Request for Default Judgment be granted and that judgment enter against the Ovalles, "effectively waiving any rights and/or claims that [they] may have to surplus proceeds from a foreclosure sale as outlined in the [Amended] Complaint ...," Request at 1, and restraining them from instituting any action for the recovery of such proceeds or any part thereof, see Amended Complaint at 4.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


DAVID L. MARTIN
United States Magistrate Judge
September 12, 2005

9